IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUNG B. HAN,
    Plaintiff,

vs.                              Case No. 3:13cv163/WS/CJK

YEHIA IBRAHIM,
    Defendants.

_____

REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's complaint (doc. 1). After careful consideration, the Court concludes that the plaintiff lacks the requisite subject-matter jurisdiction.

Plaintiff, currently in South Korea, was previously involved in a court case in the First Judicial Circuit of Florida. (Doc. 1, p. 1). Plaintiff's state court case was closed prior to March 1, 2012 (the date he left for South Korea). Plaintiff claims that the state court case was reopened and commenced by the First Judicial Circuit without the ever serving the plaintiff. (Doc. 1, p. 2). On March 17, 2013, plaintiff was informed that his property was going to be sold at public auction due to the "enforcement of the judgment lien" on plaintiff. (Doc. 1, p. 2).

Plaintiff asserts subject-matter jurisdiction under 28 U.S.C. § 1655. (Doc. 1, p. 2). "[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The cases plaintiff cites in support of the assertion that section 1655 confers subject-matter jurisdiction actually demonstrate that section 1655 does not confer jurisdiction. *See Dluhos v. Floating & Abandoned*

*Vessel, Known as New York*, 162 F.3d 63, 72 (2d Cir. 1998) ("Section 1655 does not represent an expansion of the subject matter jurisdiction of the federal courts, and an independent subject matter jurisdiction basis must exist . . . ."); *Ga. Cent. Credit Union v. Martin G.M.C. Trucks, Inc.*, 622 F.2d 137, 138 (5th Cir. 1980) (dismissing plaintiff's case for lack of subject-matter jurisdiction and noting, "[p]laintiff claims that the court has jurisdiction under the lien enforcement statute, 28 U.S.C. § 1655. This statute provides for venue under the circumstances described and in order to invoke it a plaintiff must allege independent grounds for federal court jurisdiction."). Plaintiff has not plead subject-matter jurisdiction under any other federal statute or through diversity.[1]

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to plead subject-matter jurisdiction.

2. All pending motions be DENIED.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 30th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff claims he is in South Korea to "do missionary work." (Doc. 1, p. 1). Plaintiff makes no claim that he is a South Korean citizen. As far as the pleadings indicate, plaintiff and the defendant are Florida residents.

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).